

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR23-5167 DGE |
| Plaintiff, | |
| v. | **PLEA AGREEMENT** |
| JEREMY CRAHAN, | |
| Defendant. | |

The United States, through Acting United States Attorney Tessa M. Gorman and Assistant United States Attorney Todd Greenberg of the Western District of Washington, and JEREMY CRAHAN and his attorney Lance M. Hester, enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A):

1.      **The Charge.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to the following charge contained in Count 1 of the Indictment: *Conspiracy to Damage Energy Facilities*, in violation of Title 18, United States Code, Section 1366(a).

By entering a plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty

1  plea, Defendant will be placed under oath.  Any statement given by Defendant under oath
2  may be used by the United States in a prosecution for perjury or false statement.
3      **2.      Elements of the Offense**.  The elements of the offense of *Conspiracy to*
4  *Damage Energy Facilities*, in violation of Title 18, United States Code, Section 1366(a),
5  are as follows:
6          <u>First</u>, Defendant agreed with another person to knowingly and willfully
7          damage the property of an energy facility in any amount; and
8          <u>Second</u>, Defendant agreed with another person to cause a significant
9          interruption and impairment of a function of an energy facility.
10     **3.      The Penalties**.  Defendant understands that the statutory penalties
11  applicable to the offense of *Conspiracy to Damage Energy Facilities*, in violation of
12  Title 18, United States Code, Section 1366(a), are as follows: A term of imprisonment of
13  up to twenty (20) years, a fine of up to $250,000.00, a period of supervision following
14  release from prison of up to three (3) years, and a mandatory special assessment of
15  $100.00 dollars.  If a probationary sentence is imposed, the probation period can be for
16  up to five (5) years.
17      Defendant understands that supervised release is a period of time following
18  imprisonment during which Defendant will be subject to certain restrictive conditions and
19  requirements.  Defendant further understands that, if supervised release is imposed and
20  Defendant violates one or more of the conditions or requirements, Defendant could be
21  returned to prison for all or part of the term of supervised release that was originally
22  imposed.  This could result in Defendant serving a total term of imprisonment greater
23  than the statutory maximum stated above.
24      Defendant understands that as a part of any sentence, in addition to any term of
25  imprisonment and/or fine that is imposed, the Court may order Defendant to pay
26  restitution to any victim of the offense, as required by law.
27
28

Plea Agreement - 2
*United States v. Crahan*, CR23-5167 DGE

1  Defendant further understands that the consequences of pleading guilty may

2 include the forfeiture of certain property, either as a part of the sentence imposed by the

3 Court, or as a result of civil judicial or administrative process.

4  Defendant agrees that any monetary penalty the Court imposes, including the

5 special assessment, fine, costs, or restitution, is due and payable immediately and further

6 agrees to submit a completed Financial Disclosure Statement as requested by the United

7 States Attorney's Office.

8  **4.**  **Rights Waived by Pleading Guilty.** Defendant understands that by

9 pleading guilty, Defendant knowingly and voluntarily waives the following rights:

10    a.  The right to plead not guilty and to persist in a plea of not guilty;

11    b.  The right to a speedy and public trial before a jury of Defendant's

12 peers;

13    c.  The right to the effective assistance of counsel at trial, including, if

14 Defendant could not afford an attorney, the right to have the Court appoint one for

15 Defendant;

16    d.  The right to be presumed innocent until guilt has been established

17 beyond a reasonable doubt at trial;

18    e.  The right to confront and cross-examine witnesses against Defendant

19 at trial;

20    f.  The right to compel or subpoena witnesses to appear on Defendant's

21 behalf at trial;

22    g.  The right to testify or to remain silent at trial, at which trial such

23 silence could not be used against Defendant; and

24    h.  The right to appeal a finding of guilt or any pretrial rulings.

25  **5.**  **United States Sentencing Guidelines**. Defendant understands and

26 acknowledges that the Court must consider the sentencing range calculated under the

27 United States Sentencing Guidelines and possible departures under the Sentencing

28 Guidelines together with the other factors set forth in Title 18, United States Code,

Plea Agreement - 3
*United States v. Crahan,* CR23-5167 DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    Section 3553(a), including:  (1) the nature and circumstances of the offense(s); (2) the

2    history and characteristics of Defendant; (3) the need for the sentence to reflect the

3    seriousness of the offense(s), to promote respect for the law, and to provide just

4    punishment for the offense(s); (4) the need for the sentence to afford adequate deterrence

5    to criminal conduct; (5) the need for the sentence to protect the public from further

6    crimes of Defendant; (6) the need to provide Defendant with educational and vocational

7    training, medical care, or other correctional treatment in the most effective manner; (7)

8    the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the

9    need to avoid unwarranted sentence disparity among defendants involved in similar

10   conduct who have similar records.  Accordingly, Defendant understands and

11   acknowledges that:

12           a.      The Court will determine Defendant's Sentencing Guidelines range

13   at the time of sentencing;

14           b.      After consideration of the Sentencing Guidelines and the factors in

15   18 U.S.C. § 3553(a), the Court may impose any sentence authorized by law, up to the

16   maximum term authorized by law;

17           c.      The Court is not bound by any recommendation regarding the

18   sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines

19   range offered by the parties or the United States Probation Department, or by any

20   stipulations or agreements between the parties in this Plea Agreement; and

21           d.      Defendant may not withdraw a guilty plea solely because of the

22   sentence imposed by the Court.

23       **6.      Ultimate Sentence.**  Defendant acknowledges that no one has promised or

24   guaranteed what sentence the Court will impose.

25   //

26   //

27   //

28   //

Plea Agreement - 4
*United States v. Crahan,* CR23-5167 DGE

1    **7.    Statement of Facts**. The parties agree on the following facts. Defendant

2    admits he is guilty of the charged offense.

3        In December 2022, Matthew Greenwood and Jeremy Crahan initially
         agreed together to break into and damage an electrical substation in the
4        Pierce County area. Their plan was to disrupt power throughout the area
5        and then, while the power was out, to break into an ATM machine and a
         local business to steal money.
6

7        On December 25, 2022, by following Greenwood's and Crahan's plan,
         Greenwood caused damage to four electrical substations as part of their
8        agreement: the Hemlock Substation, located at 10915 144th Street E.,
9        Puyallup, Washington, operated by Puget Sound Energy; the Elk Plain
         Substation, located at 22312 46th Avenue E., Spanaway, Washington,
10       operated by Tacoma Power; the Graham Substation, located at 8820 224th
11       Street E., Graham, Washington, operated by Tacoma Power; and the
         Kapowsin Substation, located at 14321 Kapowsin Highway E., Graham,
12       Washington, operated by Puget Sound Energy.
13

14       Crahan accompanied Greenwood to each of the substations and provided
         lookout assistance. After cutting through the perimeter fence at each
15       substation, Greenwood then entered the premises and caused damage to the
         powerstations by manipulating and/or damaging the equipment. This
16       caused power outages for 8,000 customers (Hemlock Substation) and 7,500
17       customers (Elk Plain and Graham substations).

18       The parties agree that the Court may consider additional facts contained in the

19   Presentence Report (subject to standard objections by the parties) and/or that may be

20   presented by the United States or Defendant at the time of sentencing, and that the factual

21   statement contained herein is not intended to limit the facts that the parties may present to

22   the Court at the time of sentencing.

23       **8.    Sentencing Factors**. The parties agree that the following Sentencing

24   Guidelines provisions apply to this case:

25       A base offense level of 7, pursuant to USSG § 2B1.1(a)(1); and

26       A 10-level upward adjustment, pursuant to USSG § 2B1.1(b)(1)(F), based

27       on a total loss amount of $235,699.07.

28

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    The parties agree they are free to present arguments regarding the applicability of

2  all other provisions of the United States Sentencing Guidelines. Defendant understands,

3  however, that at the time of sentencing, the Court is free to reject these stipulated

4  adjustments, and is further free to apply additional downward or upward adjustments in

5  determining Defendant's Sentencing Guidelines range.

6    **9.    Acceptance of Responsibility.**  At sentencing, *if* the Court concludes

7  Defendant qualifies for a downward adjustment acceptance for acceptance of

8  responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or

9  greater, the United States will make the motion necessary to permit the Court to decrease

10 the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because

11 Defendant has assisted the United States by timely notifying the United States of

12 Defendant's intention to plead guilty, thereby permitting the United States to avoid

13 preparing for trial and permitting the Court to allocate its resources efficiently.

14    **10.    Sentencing Recommendation**.  The government agrees to recommend a

15 sentence of not greater than 21 months. Defendant is free to recommend any sentence.

16 Defendant understands that these recommendations are not binding on the Court and the

17 Court may reject the recommendation of the parties and may impose any term of

18 imprisonment up to the statutory maximum penalty authorized by law.  Defendant further

19 understands that Defendant cannot withdraw a guilty plea simply because of the sentence

20 imposed by the Court.  Except as otherwise provided in this Plea Agreement, the parties

21 are free to present arguments regarding any other aspect of sentencing.

22    **11.    Restitution.** Defendant agrees that the Court can order Defendant to pay

23 restitution to the victims of Defendant's crimes. Defendant is aware that the United States

24 will present evidence supporting an order of restitution for all losses caused by all of

25 Defendant's criminal conduct known to the United States at the time of Defendant's

26 guilty plea. In exchange for the promises by the United States contained in this plea

27 agreement, Defendant agrees that Defendant will be responsible for any order by the

28 District Court requiring the payment of restitution for such losses.

Plea Agreement - 6
*United States v. Crahan,* CR23-5167 DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a.      The full amount of restitution shall be due and payable immediately on entry of judgment and shall be paid as quickly as possible. If the Court finds that the defendant is unable to make immediate restitution in full and sets a payment schedule as contemplated in 18 U.S.C. § 3664(f), Defendant agrees that the Court's schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately-enforceable financial obligation, including, but not limited to, by pursuing assets that come to light only after the district court finds that the defendant is unable to make immediate restitution.

b.      Defendant agrees to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party.  Defendant agrees to cooperate fully with the United States' investigation identifying all property in which Defendant has an interest and with the United States' lawful efforts to enforce prompt payment of the financial obligations to be imposed in connection with this prosecution.  Defendant's cooperation obligations are:  (1) before sentencing, and no more than 30 days after executing this Plea Agreement, truthfully and completely executing a Financial Disclosure Statement provided by the United States Attorney's Office and signed under penalty of perjury regarding Defendant's and Defendant's spouse's financial circumstances and producing supporting documentation, including  tax returns, as requested; (2) providing updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances; (3) authorizing the United States Attorney's Office to obtain Defendant's credit report before sentencing; (4) providing waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information; (5) authorizing the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office;

Plea Agreement - 7
*United States v. Crahan*, CR23-5167 DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   (6) submitting to an interview regarding Defendant's Financial Statement and

2   supporting documents before sentencing (if requested by the United States

3   Attorney's Office), and fully and truthfully answering questions during such

4   interview; and (7) notifying the United States Attorney's Office before transferring

5   any interest in property owned directly or indirectly by Defendant, including any

6   interest held or owned in any other name, including all forms of business entities

7   and trusts.

8           c.      The parties acknowledge that voluntary payment of restitution prior

9   to the adjudication of guilt is a factor the Court considers in determining whether

10   Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a).

11   **12.      Non-Prosecution of Additional Offenses.**  As part of this Plea Agreement,

12   the United States Attorney's Office for the Western District of Washington agrees to

13   dismiss Counts 2-5 of the Indictment and not to prosecute Defendant for any additional

14   offenses known to it as of the time of this Plea Agreement based upon evidence in its

15   possession at this time, and that arise out of the conduct giving rise to this investigation.

16   In this regard, Defendant recognizes the United States has agreed not to prosecute all of

17   the criminal charges the evidence establishes were committed by Defendant solely

18   because of the promises made by Defendant in this Plea Agreement.  Defendant agrees,

19   however, that for purposes of preparing the Presentence Report, the United States

20   Attorney's Office will provide the United States Probation Office with evidence of all

21   conduct committed by Defendant.

22           Defendant agrees that any charges to be dismissed before or at the time of

23   sentencing were substantially justified in light of the evidence available to the United

24   States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant

25   with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119

26   (1997).

27

28

Plea Agreement - 8
*United States v. Crahan,* CR23-5167 DGE

1   **13.    Breach, Waiver, and Post-Plea Conduct.**  Defendant agrees that, if

2   Defendant breaches this Plea Agreement, the United States may withdraw from this Plea

3   Agreement and Defendant may be prosecuted for all offenses for which the United States

4   has evidence.  Defendant agrees not to oppose any steps taken by the United States to

5   nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea

6   Agreement.  Defendant also agrees that, if Defendant is in breach of this Plea Agreement,

7   Defendant has waived any objection to the re-institution of any charges that previously

8   were dismissed or any additional charges that had not been prosecuted.

9   Defendant further understands that if, after the date of this Plea Agreement,

10  Defendant should engage in illegal conduct, or conduct that violates any conditions of

11  release or the conditions of confinement (examples of which include, but are not limited

12  to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while

13  pending sentencing, and false statements to law enforcement agents, the Pretrial Services

14  Officer, Probation Officer, or Court), the United States is free under this Plea Agreement

15  to file additional charges against Defendant or to seek a sentence that takes such conduct

16  into consideration by requesting the Court to apply additional adjustments or

17  enhancements in its Sentencing Guidelines calculations in order to increase the applicable

18  advisory Guidelines range, and/or by seeking an upward departure or variance from the

19  calculated advisory Guidelines range.  Under these circumstances, the United States is

20  free to seek such adjustments, enhancements, departures, and/or variances even if

21  otherwise precluded by the terms of the Plea Agreement.

22  **14.    Waiver of Appellate Rights and Rights to Collateral Attacks.**

23  Defendant acknowledges that, by entering the guilty plea required by this Plea

24  Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any

25  pretrial rulings of the Court, and any rulings of the Court made prior to entry of the

26  judgment of conviction.  Defendant further agrees that, provided the Court imposes a

27  custodial sentence that is within or below the Sentencing Guidelines range as determined

28  by the Court at the time of sentencing, Defendant waives to the full extent of the law:

Plea Agreement - 9
*United States v. Crahan*, CR23-5167 DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a.      Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

b.      Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

**15.    Voluntariness of Plea**.  Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

**16.    Statute of Limitations**.  In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to:  (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

Plea Agreement - 10
*United States v. Crahan*, CR23-5167 DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    **17.    Completeness of Plea Agreement**.  The United States and Defendant

2    acknowledge that these terms constitute the entire Plea Agreement between the parties,

3    except as may be set forth on the record at the change of plea hearing in this matter.  This

4    Plea Agreement binds only the United States Attorney's Office for the Western District

5    of Washington.  It does not bind any other United States Attorney's Office or any other

6    office or agency of the United States, or any state or local prosecutor.

7          Dated this 6th day of September, 2023.

8

9

10                                    JEREMY CRAHN
                                      Defendant

11

12

13                                    LANCE M. HESTER
                                      Attorneys for Defendant

14

15

16                                    TODD GREENBERG

17                                    Assistant United States Attorney

18

19

20

21

22

23

24

25

26

27

28

Plea Agreement - 11
*United States v. Crahan*, CR23-5167 DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970