The Honorable David G. Estudillo

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEREMY CRAHAN,<br><br>Defendant. | NO. CR23-5167 DGE<br><br>**GOVERNMENT'S RESPONSE TO MOTION FOR RELEASE FROM DETENTION FOR MEDICAL ATTENTION** |

**A. Introduction.**

For the second time during these proceedings, Jeremy Crahan has filed a motion seeking release from detention based on medical concerns. It is somewhat unclear from the motion and accompanying declaration whether Crahan is seeking a permanent release from custody pending sentencing, or a temporary release for a two-week period. Regardless, based on the record before the Court, release is not necessary, warranted, or appropriate.

**B. Background.**

Crahan filed a motion for release on February 15, 2023. Dkt. 37. Like the instant motion, Crahan's first motion contained no supporting medical records and was filed without prior consultation with the government or the FDC medical staff.

The same day, the government filed a response in opposition to the motion, attaching (under seal) the FDC medical records. Those records documented *both* that

Response to Motion for Release – 1
*United States v. Crahan,* CR23-5167 DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Crahan was suffering from legitimate medical issues, *and* that the FDC medical staff had been extremely responsive and proactive in treating Crahan. Dkt. 38 at 2-3. These medical issues predated Crahan's time in custody, and by his own account there were recurring flare-ups a few times over the past several years – undermining Crahan's claim that the FDC was to blame for a flare-up that had occurred while he was in custody. Dkt. 38 at 3.

Nonetheless, Magistrate Judge Creatura heard oral argument and granted Crahan's motion for release. Dkt. 48.

As this Court well knows, Crahan went on to violate the conditions of his appearance bond by testing positive for methamphetamine use on multiple occasions. This was obviously inconsistent with the singular purpose of Crahan's release – to pursue medical treatment. As a result, on June 23, 2023, this Court entered a Temporary Detention Order (Dkt. 64), and on June 26, 2023, the Court permanently revoked the appearance bond and entered a pretrial detention order. Dkt. 69.

**C. The Current FDC Medical Records.**

Crahan's motion claims that he needs to be released to seek medical treatment, but he fails to provide the Court with any supporting documentation or specifics about the treatment he believes he needs but is not receiving at the FDC. And, the FDC's medical records are inconsistent with Crahan's motion.

Since his return from custody, Crahan has been seen by the FDC medical staff on multiple occasions:

On June 23, 2023, the FDC medical staff conducted an intake exam upon Crahan's return to the FDC. During the exam, the staff discussed with Crahan his prior medical issues and reviewed his list of prescribed medications. Exhibit 1 at 25-30.

On June 26, 2023, the FDC medical staff ordered several lab tests, including blood and urine analysis. Exhibit 1 at 4.

Response to Motion for Release – 2
*United States v. Crahan,* CR23-5167 DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

On July 19, 2023, Crahan met again with the FDC medical staff. Exhibit 1 at 40-52. During this exam, Crahan complained of hip and ankle pain. Exhibit 1 at 42. The medical staff conducted a thorough and careful exam of Crahan, noting that he had swollen ankles (consistent with his prior medical issues) and significant swelling caused by rheumatoid arthritis in one of the fingers on his left hand. Exhibit 1 at 42, 43, 49, 51. The medical staff ordered x-rays that were scheduled for August 21, 2023. Exhibit 1 at 51. During this same examination, Crahan claimed that his outside doctors previously told him to stop taking a prescribed thyroid medication and he denied having a diagnosis for "DVT." Exhibit 1 at 42.

Crahan next saw the FDC medical staff on August 22, 2023. Exhibit 1 at 1-4. Crahan stated that he had stopped taking *all* his medications after his release from custody, claiming that he was told by Virginia Mason infectious disease clinic personnel to cease all medications. Exhibit 1 at 1. However, the FDC staff contacted Virginia Mason and learned the exact opposite. In fact, Crahan's doctors told him to *continue* all his medications but that he needed to get them refilled by the original prescribing doctors. Exhibit 1 at 1.

During the same exam, and based on his recent lab results, the FDC medical staff recommended that Crahan re-start certain medications, "but he refused the medication and refused to sign the medical refusal form." Exhibit 1 at 1. Crahan also rebuffed the recommendation that he use blood thinners, claiming that an outside doctor told him he did not need them. Exhibit 1 at 1.

**D. Conclusion.**

Crahan asks to be released – suggesting he would receive better medical care by outside providers. But his established track record upon release is to cease using his prescribed medications and, instead, to abuse methamphetamine.

The record before the Court establishes that Crahan is receiving adequate medical care at the FDC. Crahan fails to provide the Court with any specific, contrary

Response to Motion for Release – 3
*United States v. Crahan,* CR23-5167 DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

information. It is further clear that Crahan's refusal to have taken his prescribed medications over the last several months has contributed to the medical issues he now complains of.

Under Title 18, United States Code, Section 3143(a)(2), this Court "shall order" that a person who has been found guilty of an offense such as Crahan's be detained unless there is "clear and convincing evidence" that the person is not likely to flee or pose a danger to the community. There is no such evidence in this case. And on this record, Crahan's motion does not support the extraordinary remedy of release for medical reasons.

DATED this 11th day of September, 2023.

Respectfully submitted,

TESSA M. GORMAN
Acting United States Attorney

*s/ Todd Greenberg*
TODD GREENBERG
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-2636
Email: Todd.Greenberg4@usdoj.gov

Response to Motion for Release – 4
*United States v. Crahan,* CR23-5167 DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970