JUDGE DAVID ESTUDILLO

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | NO.  CR23-5167 DGE |
| JEREMY CRAHAN, | ) ) | DEFENDANT'S SENTENCING MEMORANDUM |
| Defendant. | ) ) ) ) ) | |

## INTRODUCTION

Mr. Crahan's September 6, 2023, guilty plea followed negotiations allowing the defense to request whatever sentence it sees fit.  After reviewing Mr. Crahan's past 11 months of a combination of FDC incarceration and electronic location monitoring, the defense effectively recommends a sentence of no greater than what, in Mr. Crahan's experience, has felt like a one-year sentence.  Because Mr. Crahan's time on location monitoring will not result in actual credit toward the incarceration ordered by this Court, the defense recommendation is the Court sentence Mr. Crahan to eight months incarceration – a sentence that will result in credit-for-time served, and Mr. Crahan's immediate release.

Defendant's Sentencing Memorandum - 1

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON  98405
(253) 272-2157

1    The defense recommendation is based on Mr. Crahan's role in the offense conduct of

2    his co-conspirator, and it is also based on a request that the Court heavily weigh factors from

3    18 U.S.C. § 3553(a), not the least of which is Mr. Crahan's pending medical condition.

4                                    **BACKGROUND INFORMATION**

5    Mr. Crahan acknowledged the facts set forth in the plea agreement as the basis for his

6    guilty plea, and he acknowledged his misconduct.  He has further acknowledged the conduct

7    during his interview by U.S. Probation, as memorialized in the Pre-Sentence Report.

8    Included with this memorandum is a written acknowledgement as well. *See, Exhibit A.*

9    *Jeremy Crahan, Letter to The Court.*  (Mr. Crahan has not yet been able to sign this.  He can

10   either acknowledge it as true in Court during the Sentencing hearing or sign it at that time.)

11

12   Mr. Crahan is deeply regretful he participated in the conspiracy.  His misplaced

13   morality (cause thousands of people to lose power at extreme public expense in order to help

14   friends gain financial resources for their soon-to-be-born baby), and his methamphetamine-

15   impacted decision-making led to what has proven to be the worst year of his life.  Mr.

16   Crahan's position is that the facts he pled to are the facts of the case.  He has shown his

17   accountability for his criminal activity by entering the guilty plea, and he asks the Court to

18   craft a sentence that allows him to promptly address his medical condition and continue

19   substance abuse treatment in the community.

20   The defense asks this Court to weigh more heavily on the factors from 18 U.S.C. §

21   3553(a) rather than the United States Sentencing Guidelines calculation in Mr. Crahan's case.

22   Mr. Crahan's time behind bars, prior to the sentencing hearing, has been fraught with greater

23   anxiety and health concerns than most others.  Additionally, he has spent considerable time

24   on location monitoring that presumably will not be directly credited for his time served.

25

Defendant's Sentencing Memorandum - 2                    HESTER LAW GROUP, INC., P.S.
                                                         1008 SOUTH YAKIMA AVENUE, SUITE 302
                                                         TACOMA, WASHINGTON  98405
                                                         (253) 272-2157

1    As will be seen throughout the balance of this briefing, the Court is asked to hand

2  down a sentence that punishes, with a duration that is sufficient, but no more than necessary,

3  to satisfy the Court's sentencing objectives.  The defense respectfully asks the Court to assist

4  Mr. Crahan's pursuit of medical intervention for his blood and legs, and in overcoming his

5  long time drug use history.  A sentence as recommended by the defense will help usher

6  Jeremy to a future that improves his health and role as a citizen moving forward.

7
## GUIDELINES CALCULATIONS

8
9    The guidelines calculations are consistent with expectations at the time of plea

10  negotiations and entry of Mr. Crahan's guilty plea.

11    The relevant Guidelines provision follow:

12  Base Level                                              +7
    (USSG §2B1.1)
13
14  Loss Amount                                            +10
    (Specific Offense Characteristics USSG 2B1.4(b)(1)(F))
15
    Acceptance of Responsibility                           -3
16

17  **Total Offense Level**                                **14**

18    Mr. Crahan's criminal history calculation appears to accurately place him in category

19  IV.  His guidelines range for the court's consideration is 27-33 months.

20    The Court is expected to consider the following recommendations at the time of

21  sentencing:

22  US Attorney's Office:        No more than 21 Months

23  Probation:                   18 months

24  Defense:                     Time Served (Approximately 8 months)

25

Defendant's Sentencing Memorandum - 3

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON  98405
(253) 272-2157

1

## DEFENSE SENTENCING RECOMMENDATION

2

   Under the circumstances of this case and Mr. Crahan's medical condition, the defense

3

recommends the Court sentence Mr. Crahan to a total sentence of eight months.  As

4

mentioned in the Introduction to this brief, the  defense urges the Court to cause Mr.

5

Crahan's immediate release, facilitating Mr. Crahan's medical needs and continued journey

6

to a life void of illicit substances.

7

   18 U.S.C. § 3553(a) involves the following considerations:

8

   (a) Factors to be Considered in Imposing a Sentence.

9

10

   The court shall impose a sentence sufficient, but not greater
   than necessary, to comply with the purposes set forth in
   paragraph (2) of the subsection. The court, in determining

11

   the particular sentence to be imposed, shall consider

12

   (1) the nature and circumstances of the offense and the
   history and characteristics of the defendant;

13

14

   (2) the need for the sentence imposed

15

   (A) to reflect the seriousness of the offense, to promote
   respect for the law, and to provide just punishment for

16

   the offense;

17

   (B) to afford adequate deterrence to criminal conduct;

18

   (C) to protect the public from further crimes of the

19

   defendant; and

20

   (D) to provide the defendant with needed educational or
   vocational training, medical care, or other correctional

21

   treatment in the most effective manner;

22

   (3) the kinds of sentences available;

23

   …

24

   (6) the need to avoid unwarranted sentence disparities

25

   among defendants with similar records who have been
   found guilty of similar conduct; and

Defendant's Sentencing Memorandum - 4

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON  98405
(253) 272-2157

1    (7) the need to provide restitution to any victims of the
2    offense.

3    The § 3553(a) factors are discussed related to Mr. Crahan as follows:

4    *A. The Nature & Circumstances of the Offense and the History and*
     *Characteristics of the Defendant.*

5    The offense conduct is adequately addressed in the PSI.  Mr. Crahan agrees the plan

6    he helped concoct disregarded the impact it would have on others, has proven expensive to

7    repair, and was extremely dangerous, particularly to Mr. Greenwood.  It also appears to

8    reflect a poor and meth-induced criminal mindset, with little regard for collateral

9    consequences.

10

11    Not highlighted is Mr. Crahan's motivation for his involvement.  His friend, Mr.

12    Greenwood, presented as destitute, committed to support his girlfriend's soon-anticipated

13    child birth, and willing to do about anything to avoid his child entering this world with an

14    impoverished start to life.  Jeremy offered his assistance and helped brainstorm the most

15    unfortunate of plans.  The plan, while outing power to many homes, ultimately yielded well

16    less than $100.00.

17    Jeremy Crahan's history and characteristics include ongoing emotional support from

18    his mother and father.  During times when substance abuse and poor thinking have

19    dominated Mr. Crahan's life, he has elected living semi-estranged from his caring parents.

20    He accompanied their several years living in Alaska.  He lived with them during his time on

21    supervised release, where they assisted his transportation needs when attending drug

22    treatment sessions and medical appointments.  His parents have provided letters of support

23    for the Court's consideration at sentencing.  They stand to support his time on supervised

24    release because they love Jeremy and they want the best for his future.

25

Defendant's Sentencing Memorandum - 5

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON  98405
(253) 272-2157

1        As mentioned, Jeremy has been enduring a very difficult medical condition that is

2 most obviously reflected in his legs.  During a detention hearing, he showed the Magistrate

3 Judge the deep and dark discoloration of his legs, and described the history of the problem,

4 and his understanding of the potential consequences of leaving it untreated.  Early in his

5 incarceration, related to these charges, he was transported from the FDC to a local hospital

6 where he was treated for what felt to him like a near fatal progression of the disease.  He has

7 been battling this medical problem for long enough that he has confidence that

8 hospitalization and intravenous antibiotics will reset his system to allow him to recover and

9 regain his health.  This condition, and being locked up while experiencing this condition, has

10 yielded tremendous anxiety and fear.  He has felt helpless to address this terrible heath

11 concern.

12

13      *B. The Seriousness of the Offense, the Need to Promote Respect for the Law and the*
              *Need to Provide Just Punishment.*

14

15        Being incarcerated while under medical strains has promoted respect for the law and

16 punished Jeremy in ways that have resulted in a more difficult imprisonment than most

17 experience.

18        Recovering from substance abuse and managing a complicated medical condition

19 have been serious elements to the time Mr. Crahan has spent incarcerated.  He has

20 demonstrated worry, confusion, and anxiety.  It was difficult, but after weeks and months of

21 essentially constant focus on his health, he eventually developed the skills to

22 compartmentalize his health in order to move through the resolution process necessary to this

23 case.  He has lacked access to health care that, from prior experience, he is confident would

24 resolve the toxic condition in his legs and feet.  He recognizes now that he has put himself in

25

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON  98405
(253) 272-2157

1    the frustrating position of not having immediate and convenient access to more traditional

2    healthcare.

3        The sheer anxiety and helpless feeling for his medical condition has caused Jeremy a

4    new respect for the law.

5        *C. The Need to Afford Adequate Deterrence.*

6        The combination of federal incarceration and experiencing a serious medical

7    condition have served to deter Mr. Crahan from future criminal activity.

8        Arguably there is nothing more the Court can do at this time to deter Mr. Crahan from

9    similar criminal conduct.  Daily, he has regretted his actions, and spent lots of time

10   experiencing the anxiety that accompanies awaiting judgment from a Court.  He is close to

11   his parents.  His ability to lean on them for the type of support he needs medically and

12   emotionally has been limited.  He is deterred.

13       *D. The Need to Protect the Public.*

14       There are conditions the Court can place on Mr. Crahan that will protect the public.

15   One perhaps obvious example is Mr. Crahan's need to put solid skills to work protecting the

16   sobriety he's achieved during incarceration.  The Court can require drug treatment as a

17   condition that, provided Mr. Crahan complies, will protect the public from drug-induced

18   decision making.

19       *E. The Need to Provide the Defendant with Education or Vocational*
         *Training or Rehabilitation.*

20

21       A sentence that includes a period of supervised release can benefit Mr. Crahan in all

22   of the above areas.  He has an interesting array of employment experiences to draw from.

23   Upon getting his medical condition managed, and getting re-started in substance abuse

24   treatment, Mr. Crahan can benefit from the guidance and support that Probation has to offer.

25

Defendant's Sentencing Memorandum - 7

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON  98405
(253) 272-2157

1    As the Court is aware, Mr. Crahan spent some time out of custody, but on location

2    monitoring.  This assisted his medical condition at the time.  He was also involved in

3    outpatient drug treatment during the release period.

4    Drug treatment can be a complicated time for offenders who are simultaneously

5    accountable to the Court and a treatment agency.  On one hand, the Court, quite

6    understandably, expects complete compliance with an order demanding abstinence.

7    Treatment programs seem to portray their programs as parts of a journey of overall positive

8    advances toward a life of sobriety, but with acceptance for setbacks such as times of relapse.

9    Mr. Crahan is before this Court with a better understanding of expectations.  While released

10   from confinement and in treatment, he relapsed.  Probation and the Court held him

11   accountable.  As shown during the interview portion of his PSI, Mr. Crahan is able to reflect

12   on his first use of methamphetamine as the worst decision of his life.  This reflection will

13   combine well with what is now several months of abstinence.  His outlook includes respect,

14   motivation, and clear thinking.

15   *F. The Need to Avoid Disproportionality Among Defendants with*
     *Similar Records who have been Found Guilty of Similar Conduct.*

16   This is an unusual case.  It is not one easily compared to others for similarity or

17   disproportionality.  The data provided as an addendum to the PSI is not instructive as it

18   includes means, averages, and does not specify case facts.  And certainly, it lacks reference

19   to offenders who suffered ongoing medical conditions.

20   *G.  The Need to Make Restitution to Victims.*

21   Mr. Crahan's case includes substantial restitution.

22   Mr. Crahan is before this Court upon an agreed restitution amount. The defense hopes

23   the Court will see this part of the agreement as a significant part of his acceptance of

Defendant's Sentencing Memorandum - 8

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON  98405
(253) 272-2157

1   responsibility, and will consider it as part of its assessment of the proper duration of

2   incarceration.  The sooner Mr. Crahan's medical condition can be stabilized, the sooner he

3   will be able to gain employment and an ability to begin contributing toward restitution.

4                                          **CONCLUSION**

5          Respectfully, the defense urges that upon the Court's consideration of the Guidelines

6   and of the § 3553 factors, a sentence of time served (approximately eight months).

7          If the Court is to order such a sentence or something that does not require much more

8   incarceration time, Mr. Crahan requests the Court recommend his placement be FCD SeaTac.

9   This location will facilitate continued family support and convenience to a hospital that has

10  already served Mr. Crahan during incarceration.

11         RESPECTFULLY SUBMITTED this 4th day of December, 2023.

12

13                                          HESTER LAW GROUP, INC., P.S.
                                            Attorneys for Defendant
14

15                                   By:    _/s/ Lance M. Hester_____
16                                          LANCE M. HESTER
                                            WSB #27813
17

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON  98405
(253) 272-2157

CERTIFICATE OF SERVICE

Lee Ann Mathews, hereby certifies under penalty of perjury under the laws of the State of Washington, that on the date set forth below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record for the plaintiff and co-defendants, if any, and hereby certify that I have mailed the document by U.S. Postal Service to Jeremy Crahan, defendant.

Signed at Tacoma, Washington this 4th day of December, 2023.


_/s/ Lee Ann Mathews_
LEE ANN MATHEWS

Defendant's Sentencing Memorandum - 10

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON  98405
(253) 272-2157

November 16, 2023


I am sorry and I take full responsibility for my actions. I regret my involvement and apologize for my actions. I wish I would have been brave enough to stop these events before they took place and for that I am truly sorry.

Thank you,


Jeremy Crahan